UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JOANNE DeSIMONE,

                Plaintiff,                    02 Civ. 7039 (RPP)

       - against -                       **OPINION AND ORDER**

JP MORGAN/CHASE BANK and
RUPERT BLAKE,

                Defendants.
-------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

**BACKGROUND**

The Plaintiff, Joanne DeSimone ("DeSimone"), brings this action against her former employer, JPMorgan Chase Bank (the "Bank"), and her former supervisor, Rupert Blake ("Blake"), pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq., New York Executive Law § 296, and New York Civil Rights Law § 40-c. Defendants, by motion papers filed August 25, 2005, have moved to amend the Amended Joint Pre-Trial Order submitted to this Court on July 6, 2005. Specifically, counsel for Defendants request that paragraphs "u," "v," "x," and "ee" of the section entitled "Stipulations or Agreed Statements of Facts or law" be deleted.

The paragraphs at issue read as follows:

"u.    On or about February 27, 2001, Blake interviewed DeSimone and Blake repeatedly used the word "fuck" during the interview";

"v.    After the February 27 interview, DeSimone called and left messages for the HR specialist Maria Aulisa to apprise her of the conduct Blake had exhibited and to get her opinion";

"x.    Blake used the word "fuck" throughout his meeting with DeSimone despite his knowledge of her dislike for excessive profanity"; and

"ee. In late March, early April, as a result of DeSimone's failure to submit to and accept Blake's behavior and verbal abuse, Blake began criticizing DeSimone's work and unjustifiably and unreasonably blaming DeSimone for various problems and telling her she would have to take the fall."

**ARGUMENT**

In an affidavit dated August 23, 2005, Frederic L. Lieberman, an attorney for Defendants, states that soon after the Amended Joint Pre-Trial Order was filed, he noticed that he had inadvertently failed to request that Plaintiff's counsel strike the aforementioned paragraphs. Affidavit of Frederic L. Lieberman in Support of Defendants' Motion to Amend the Amended Joint Pre-Trial Order, ¶¶ 7, 9. Mr. Lieberman states that he asked one of Plaintiff's attorneys, Mr. Gammons, to agree to amend the Amended Pre-Trial Order by removing these paragraphs, and Mr. Gammons stated that he would look into the matter. Id. at ¶ 10. Mr. Lieberman also attaches letters he wrote to Mr. Gammons on July 29, 2005 and August 17, 2005 to the same effect. See Defendant's Notice of Motion to Amend the Amended Joint Pre-Trial Order, Exhibits E and F.

Plaintiff's response of September 22, 2005 opposes the Motion to Amend the Amended Pre-Trial Order. Plaintiff's counsel points out that the Joint Pre-Trial Order was amended by Defendants' counsel several times and was the result of negotiations between the parties, indicating that portions of paragraphs "u", "v", "x" and "ee" were redlined, redacted, and/or modified by Defendants. Affidavit of Matthew T. Gammons in Support of Plaintiff's Opposition to Defendants' Motion to Amend the Amended Joint Pre-Trial Order, ¶¶ 4-7. Plaintiff takes the position that Defendants' delay of almost three months in moving to amend the Joint Pre-Trial Order is unreasonable. Plaintiff's

Memorandum of Law in Opposition to Defendants' Motion to Amend the Amended Joint Pre-Trial Order, ¶ 11.

Defendants filed an affidavit in reply by Philip A. Goldstein dated September 20, 2005. Mr. Goldstein's affidavit points out that elimination of the contested paragraphs does not preclude Plaintiff from offering testimony on the facts at issue at trial. Mr. Goldstein asserts that the delay in motion was caused by Plaintiff's counsel's refusal to respond to earlier requests. Affidavit of Philip A. Goldstein in Further Support of Defendants' Amended Motion to Amend the Joint Pre-Trial Order, ¶¶ 2, 5-6.

Rule 16(e) of the Federal Rules of Civil Procedure is applicable to pre-trial orders and states in pertinent part: "This order shall control the subsequent course of the action unless modified by a subsequent order. The order following a final pretrial conference shall be modified only to prevent manifest injustice." (2005).

In considering the sort of problem the parties have presented to this Court, the Second Circuit has offered guidance, noting that "[w]hether to allow such a modification in a particular case poses nice questions of balancing 'the need for doing justice on the merits between the parties (in spite of the errors and oversights of their attorneys) against the need for maintaining orderly and efficient procedural arrangements.'" (citing 3 J. Moore, Federal Practice P16.20, at 1136 (3d ed. 1968)). But on the whole, we have not viewed such modification with hostility (citing, e.g., Clark v. Pennsylvania R.R., 328 F.2d 591, 594 (2d Cir.), cert. denied, 377 U.S. 1006, 84 S.Ct. 1943, 12 L.Ed.2d 1054 (1964); Scott v. Spanjer Bros., 298 F.2d 928, 931 (2d Cir. 1962))." Laguna v. Am. Export Isbrandtsen Lines, 439 F.2d 97 (2d Cir. 1971). Therefore, it is important for this Court to balance these competing needs in the instant case.

**CONCLUSION**

A review of the four paragraphs leads the Court to the conclusion that a stipulation to each paragraph may interfere with "the need for doing justice on the merits between the parties."

Accordingly, with respect to each of the four paragraphs, Plaintiff shall submit to the Court a statement showing:

1) the testimony of each witness to the event in question; and

2) why the stipulated fact is relevant to plaintiff's claim of discrimination in employment based on gender.

With respect to paragraph "u," the submission by Plaintiff should also include reference to the record to show grounds for concluding that the statements show a discriminatory motive.

With respect to paragraph "v," Plaintiff's statement should show evidentiary grounds to conclude that the messages would have apprised Maria Aulisa of the conduct Blake had exhibited and asked for her opinion or, alternatively, whether these were actions Plaintiff intended to take at a later time.

With respect to paragraph "x," Plaintiff's statement should show evidentiary grounds to support the assertion that Blake knew of Plaintiff's dislike of excessive use of the word "fuck" at that time.

With respect to paragraph "ee," the submission should show evidentiary grounds for concluding that Blake began criticizing DeSimone's work and unjustifiably and unreasonably blaming DeSimone for various problems as a result of DeSimone's failure to submit to and accept Blake's behavior and verbal abuse.

The statement is to be submitted to the Court by September 30, 2005.

IT IS SO ORDERED.

Dated: New York, New York
September 27, 2005

                                      Robert P. Patterson, Jr.
                                               U.S.D.J.

Copies of this Opinion and Order sent to:

For Plaintiff:

Law Office of George David Rosenbaum
50 Broadway, Suite 2600
New York, NY 10004
Attn:   Matthew T. Gammons
Tel:    212-514-5007
Fax:   212-514-9178

For Defendant:

J.P. Morgan Chase Legal Department
One Chase Manhattan Plaza, Floor 26
New York, NY 10081
Attn:   Frederic L. Lieberman
        Philip A. Goldstein
Tel:    212-552-1815
Fax:   212-552-1630